# EXHIBIT 1

19STCV22784

Electronically FILED by Superior Court of California, County of Los Angeles on 06/28/2019 04:50 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY |
|---|---|
| | (SOLO PARA USO DE LA CORTE) |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PROTECTIVE INSURANCE COMPANY, an Indiana Corporation, and
DOES 1 through 50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

PERSONNEL STAFFING GROUP, LLC, DBA MVP STAFFING, a
Florida limited liability company

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>LOS ANGELES SUPERIOR COURT<br>111 North Hill Street, Los Angeles, CA 90012 | **CASE NUMBER:**<br>*(Número del Caso):*<br><br>19STCV22784 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

ROXBOROUGH POMERANCE NYE & ADREANI LLP, 5820 Canoga Ave. Suite 250, Woodland Hills,CA
Nicholas P. Roxborough (SBN 113540) | Telephone (818) 992-9999 | 91367

| DATE:<br>*(Fecha)* 06/28/2019 | Clerk, by Sherri R. Carter Executive Officer / Clerk of Court<br>*(Secretario)* _____ Marita P. Barel | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* PROTECTIVE INSURANCE COMPANY, AN INDIANA CORPORATION

under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
     ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
     ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
     ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

*Exhibit 1 - Page 1*

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Susan Bryant-Deason

Electronically FILED by Superior Court of California, County of Los Angeles on 06/28/2019 04:50 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

Nicholas P. Roxborough, Esq. (SBN 113540)
Joseph C. Gjonola, Esq. (SBN 241955)
Daron Barsamian, Esq. (SBN 231016)
ROXBOROUGH, POMERANCE, NYE &
ADREANI, LLP
5820 Canoga Avenue, Suite 250
Woodland Hills, California 91367
Tel: (818) 992-9999
Fax: (818) 992-9991

Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DIVISION

| | |
|---|---|
| PERSONNEL STAFFING GROUP, LLC, DBA MVP STAFFING, a Florida limited liability company, | Case No.: |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | **1. Breach of Contract:** |
| PROTECTIVE INSURANCE COMPANY, an Indiana Corporation, and DOES 1 through 50, | **2. Tortious Breach of the Covenant of Good Faith and Fair Dealing;** |
| Defendant. | **[DEMAND FOR JURY TRIAL]** |

Comes now Plaintiff, PERSONNEL STAFFING GROUP, LLC., dba MVP STAFFING ("Plaintiff" or "MVP Staffing") and complains against Defendant PROTECTIVE INSURANCE COMPANY ("Defendant") and DOES 1 through 50, as follows:

### GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1. Plaintiff is, and at all times relevant to this action was, a Florida limited liability company qualified to do business in the State of California. Plaintiff's principal place of business is in Illinois.

2. Plaintiff is a staffing company and employer of record for employees in over 40 states, but more than two thirds of them work and reside in California. Plaintiff provides staffing

Exhibit 1 - Page 2

1  and payroll services to the light industrial and factory sector.

2       3.     Defendant is an active foreign corporation, organized in the State of Indiana,
3  licensed to do business in the State of California as a workers' compensation carrier and is subject
4  to the Rules and Regulations of the State of California by and through the California Insurance
5  Commissioner.

6       4.     Plaintiff is informed and believes, and based on such information and belief alleges,
7  that Defendant collects millions of dollars in insurance premiums from California employers, in
8  addition to the millions of dollars of insurance premiums it collected from Plaintiff.

9       5.     Defendant provided workers compensation insurance to Plaintiff for all of its
10  employees.  The policy periods ran from January 1, 2017 to June 30, 2017, and June 30, 2017 to
11  June 30, 2018.  Plaintiff's yearly payroll is about $700 million.  Over half of Plaintiff's workforce
12  lives and works in California.  Similarly, over half of Plaintiff's yearly payroll goes to California
13  workers.

14       6.     On average, Plaintiff experiences around 2,500 workers' compensation claims per
15  year.  As of June 2019, the claims made under Defendant's policies had a Total Incurred amount
16  of $58,070,069.41; of which $44,836,585.85 (77%) is attributable to claims made by California
17  employees.

18       7.     Venue is proper in this judicial district because the Defendant is a foreign
19  corporation without a principal local office in California, making venue proper in any county in the
20  state.  As alleged herein, the breaches of the contract and tortious conduct include, *inter alia,*
21  Defendant's failure to properly administer workers' compensation claims made by employees
22  living and working in Los Angeles County.  Defendant's California agent for service of process is
23  located in Los Angeles County.  Furthermore, the amount in controversy in this action exceeds the
24  jurisdictional minimum as more fully set forth herein.

25       8.     Plaintiff is unaware of the true names and capacities of those defendants sued as
26  Does 1 through 50, inclusive, and, thus, they are sued under such fictitious names. Plaintiff is
27  informed and believes, and based on such information and belief alleges, that actions and or
28  omissions by each of the fictitiously-named defendants were in some manner the proximate cause

1   of the damages to Plaintiff alleged herein.  Plaintiff will amend this complaint to allege those
2   defendants' true names and capacities when ascertained, and to state additional causes of action
3   subsequently discovered.

4       9.      Plaintiff is informed and believes, and based on such information and belief alleges,
5   that the Defendants, and each of them, were acting as the agents, servants, joint venturers, trustees,
6   partners, alter-egos, affiliates, contractors, or employees of every other defendant. Plaintiff is also
7   informed and believes, and based on such information and belief alleges, that each defendant
8   authorized and ratified the acts of every other defendant.

9                     **FACTS COMMON TO ONE OR MORE CAUSES OF ACTION**

10      10.     Plaintiff procured two pairs of annual workers' compensation insurance policies
11  from Defendant to cover its employees in over 40 states.  Each pair contained a policy that covered
12  employees in Massachusetts and Wisconsin, and a second policy that covered all of the other states
13  where Plaintiff does business, including California.  The first pair of policies was effective from
14  January 1, 2017 to June 30, 2017, and the second pair was effective from June 30, 2017 to June 30,
15  2018. The respective pairs of workers' compensation policy numbers are RW008962 / WD001482
16  and RW008981 / WD001486. (The "Policies").  True and correct copies of the policies are
17  attached as Exhibits "A" – "D".  These Policies were essentially high deductible workers'
18  compensation policies, whereby the first $500,000 of every workers' compensation claim was
19  ultimately Plaintiff's financial responsibility.

20      11.     Plaintiff paid significant premiums of about $5.8 million per year, totaling $8.7
21  million for 18 months of coverage.  Plaintiff also provided to Defendant over $21 million, which
22  Defendant placed into a Loss Fund (this amount was paid in monthly increments to Defendant).
23  At all times, this Loss Fund was controlled by Defendant to fund Plaintiff's deductible obligations.
24  Thus, while Defendant physically paid all workers' compensation claims filed against Plaintiff, at
25  all times it used the money that Plaintiff provided to Defendant to pay these claims. In addition to
26  the Loss Fund, Plaintiff provided Defendant $10 million in additional security.

27      12.     Pursuant to the terms of the Policies, and the consideration provided by Plaintiff,
28  Defendant had rights, obligations and duties to defend Plaintiff against any workers' compensation

claims, proceedings, or suits brought against it.  Defendant had a duty to (a) properly set reserves,
(b) efficiently and properly manage and resolve claims that arose on behalf of Plaintiff, (c) disclose
settlement offers/demands to Plaintiff, (d) properly audit, monitor and evaluate its reserves, (e)
provide quick and efficient resolution strategies, (f) as well as provide timely and efficient
resolution of workers' compensation claims that arose under the Policies.  It is well established law
that a workers' compensation insurer is obligated to give the interests of the insured as least as
much consideration as it gives to its own financial interests.  Therefore, Defendant had both a
contractual and fiduciary duty to insure that claims brought against Plaintiff were being properly
and efficiently handled, investigated and defended, all in a timely manner.

13.     Under the circumstances of a $500,000 deductible per claim, essentially all monies
paid on workers' compensation claims by Defendant came out of Plaintiff's pocket.  This money
was either advanced by Plaintiff – via a "loss fund" – or was reimbursed to Defendant.
Additionally, the reserves that Defendant placed on each claim, the amount paid out on each claim,
and the manner in which each claim was handled, managed, and defended, inexorably controlled
the amount Plaintiff was and is required to pay in premiums to Defendant, as well as to its
subsequent workers' compensation carriers.

14.     Throughout the course of its relationship with Plaintiff, Defendant made affirmative
representations that its agents and employees were experts in handling workers' compensation
claims and Defendant was and would continue to ably perform their claims handling duties.
Defendant's agents made numerous misrepresentations of material fact, including that the defense
and settlement of workers' compensation claims as discussed herein, had been and would continue
to be properly handled and dealt with in a timely and efficient manner, thus controlling and
minimizing the cost of Plaintiff's workers compensation program with Defendant.

15.     In particular, Defendant's Chairman of the Board, Steven Shapiro, in or around
December 2016, told Plaintiff's CEO, Danny Barnett, that Defendant was equipped with adjusters
who could handle the number and severity of workers' compensation claims that Plaintiff's light
industrial and factory workforce filed annually.  Mr. Shapiro made this assurance in response to
Mr. Barnett's statement that Plaintiff expected around 2500 claims per year, and that the

4
COMPLAINT

Exhibit 1 - Page 5

complexity of the claims may be greater than the claims filed by Defendant's other insureds. During the same discussion or around the same time, Mr. Barnett also discussed with Mr. Shapiro that the vast majority of Plaintiff's claims were made by California workers. Mr. Shapiro assured Mr. Barnett that Defendant's adjusters would be able to handle the California workload. He made these representations with an understanding of the size and scope of Plaintiff's business operations, and the opportunity to earn substantial workers' compensation premiums for his company.

16.     But, Plaintiff is now informed and believes that Mr. Shapiro knew his representations were not true. In fact, after Plaintiff gave Defendant its workers compensation business in reliance on Mr. Shapiro's representations, Defendant had to ask a workers' compensation defense law firm to come to Defendant's offices to educate its adjusters on how to adjust Plaintiffs' California claims.

17.     Later, Plaintiff became aware that Defendant had failed to provide competent adjusters, and instead utilized adjusters unfamiliar with California workers compensation laws, regulations, or practices. As a result, Defendant and its adjusters failed to properly evaluate and set appropriate reserves, failed to resolve claims timely and efficiently, failed to disclose settlement offers/demands that would have otherwise led to the cost-effective resolution of workers' compensation claims, failed to provide sufficient staff to supervise the progress of claims, improperly delayed resolution of claims, and failed to properly audit and evaluate reserves on the workers' compensation claims made against Plaintiff.

18.     Defendant's lack of reasonable claims handling caused it and the defense attorneys it hired, the Korey Richardson law firm, to miss numerous statutory deadlines. This resulted in monetary penalties assessed against Plaintiff. As of June 2019, more than $42,000.00 in statutory penalties have been assessed against Defendant, but charged by Defendant to Plaintiff. Carter Korey, Principal of the law firm, advised Plaintiff that Defendant's claims handling was substantially below the standard in the industry.

19.     Plaintiff is informed and believes that when claims were reported, Defendant's adjusters often waited too long to contact injured workers to begin the claims administration process. Rather than contacting workers in 24-48 hours (which is industry standard), some were

1  not contacted for up to 10 days or more. This resulted in injured workers taking matters into their
2  own hands by, among other things, treating with out-of-network doctors, obtaining legal
3  representation, and/or commencing litigation. These claims thus became more expensive than they
4  should have been, based on Defendant's failure to comply with standard industry practices.

5      20.    Additionally, Defendant failed to staff adjusters for Pacific Standard Time,
6  inhibiting its ability to communicate with, and respond to, injured workers, their medical
7  providers, their attorneys, and others in California involved in workers' compensation claims.
8  This resulted in additional delays in communication and frustrations similar to those engendered
9  by Defendant's delay when making initial contact. As a result, claims continued to become more
10 expensive than they should have been.

11     21.    Plaintiff provided Defendant with special account instructions ("SAI"), which
12 Defendant agreed to follow in the course of administering claims. However, Defendant repeatedly
13 failed to follow the instructions when it came to notifying Plaintiff how claims were developing,
14 such as settlement amounts, reserve amounts, and reporting new losses.

15     22.    Defendant's decision to place its interests, financial and otherwise, before the
16 interests of its insured resulted in unnecessarily high assessments, inflated premiums,
17 administrative penalties, and excessive costs, expenses and fees. Ironically, Defendant had
18 incentives to overpay because Defendant charged a 9% claim handling fee based on the total
19 amount Defendant "paid" on each claim. Thus, in addition to the premium it charged, the more the
20 adjusters paid, the more Defendant made as a claims handling fee. And, there was no downside
21 for Defendant because every dollar paid – up to $500,000 on each claim – was Plaintiff's money
22 paid into the Loss Fund.

23     23.    Certain of these acts and omissions by Defendant, which are referenced throughout
24 this Complaint, were carried out through intentional misrepresentations and/or concealment of
25 material facts. In addition to inducing Plaintiff to purchase Defendant's policy by misrepresenting
26 its adjusters' ability to handle the additional workload, Defendant concealed the truth throughout
27 the policy period by assuring Plaintiff that its adjusters were just "getting up to speed" or words to
28 that effect, and that things would improve.

24.    Due to the degree of claims mishandling, excessive payments and over-reserving, Plaintiff requested to conduct audits and claims reviews of how Plaintiffs' files were being administered. Such requests were consistent with the agreement of the parties as well as industry standards. These claims reviews were attended by a number of Defendant's adjusters and managers. However, during the most recent claims review, in 2018, Defendant's managers did not allow adjusters to answer Plaintiff's questions regarding problems with the claims handling, and repeatedly responded, "We'll get back to you," or words to that effect.  This was just more deception, as they never did provide answers to Plaintiffs' questions.  Plaintiff's insurance broker, Jeffery Friedrich of Assurance Agency, was in attendance, and reported that what he observed was the worst claims handling he had ever seen in his more than 20 year career.

25.    When Plaintiff determined that Defendant's claims handling would not improve, Plaintiff asked to have the files moved to the third party administrator/adjuster ("TPA") Gallagher Bassett.  In response, Defendant told Plaintiff that transferring the files to the new TPA was impossible because their respective computer systems were incompatible.  On information and belief, this statement was a pretext to prevent the new TPA from obtaining the files and discovering how bad Defendant's claims handling had been, as well as enabling Defendant to continue to be paid its 9% claims handling fee.

26.    Due to Defendant's practice and procedure of failing to properly and timely resolve claims, and unnecessarily and/or intentionally setting or causing to set high reserves, Plaintiff incurred costs, expenses, fees, penalties and premiums far greater than what it should have incurred under the workers' compensation insurance policy.

27.    As a further consequence of Defendant's claims mishandling, Plaintiff's experience modification factor ("x-mod") increased.  X-mods follow employers, and the increased x-mod resulting from Defendant's conduct followed Plaintiff, driving up its workers' compensation costs, premiums and expenses regardless of which insurance company Plaintiff chose. In the industry, a higher x-mod resulted in a higher premium, a larger loss fund, and more security for Plaintiff's new policy with XL Insurance Company, that began June 30, 2018.

28.    Additionally, Defendant advised Plaintiff that it hired CorVel to perform medical bill

review ("MBR"). According to Defendant, CorVel charged Plaintiff 18% of any savings it found for Plaintiff in the review of its bills. CorVel invoiced Defendant, who represented to Plaintiff that it was merely passing through CorVel's fee. On information and belief, CorVel has been charging less than 18% and Defendant has been collecting the difference between CorVel's real charges and the 18% that Defendant bills Plaintiff for CorVel's work.

29.     Defendant's general, internal and company-wide disarray was exemplified by the top-level departures that occurred last year. For example, Chairman of the Board, Steven Shapiro, suddenly resigned from the company in June of 2018. Then, in October of 2018, President and Chief Executive Officer Randy Birchfield also resigned. On information and belief, both men were asked to resign as a result, in part, of Defendant's total inability to perform its duties and obligations to Plaintiff, accompanied by its negligent and fraudulent misrepresentations.

30.     As alleged hereinabove, on or around June 30, 2018, Plaintiff entered into its new policy with XL Insurance. But at all times herein, Defendant was, and still is, obligated to provide insurance coverage and benefits for any workers' compensation claims arising under the Policies attached hereto as Exhibits "A" – "D". Therefore, as a matter of law, Defendant has an ongoing contractual and fiduciary duty to ensure that Plaintiff's claims were and are being properly and efficiently handled and defended.

## FIRST CAUSE OF ACTION

**(Breach of Contract – By Plaintiff Against Defendant and Does 1 through 30, inclusive)**

31.     Plaintiff incorporates by this reference each and every allegation contained in paragraphs 1 through 30 of this Complaint, as though fully set forth herein.

32.     As alleged hereinabove, in January 2017 and again in June 2017, binding contracts were negotiated and reached for consideration between Defendant and Plaintiff by way of the Policies. In return for consideration, including payments by Plaintiff, and under the terms of the above described Policies, Defendant had various express duties and obligations to Plaintiff. These included, but were not limited to the following: (a) Defendant had both the obligation and contractual duty to defend workers' compensation claims against Plaintiff; (b) had the obligation and contractual duty to investigate and settle workers' compensation claims against Plaintiff; (c)

1  was obligated to and had the contractual duty to defend Plaintiff against those workers'

2  compensation claims made against Plaintiff covered under the policy; (d) had the contractual duty

3  and was obligated to timely and efficiently resolve claims made against Plaintiff under the Policies;

4  (e) had the contractual duty and was obligated to provide timely and efficient resolution strategies

5  and timely and efficient resolutions of workers' compensation claims that arose under the Policies.

6      33.    Defendant breached its contractual duties as alleged in the preceding paragraphs.

7  Plaintiff is informed and believes, and based on such information and belief alleges, that Defendant

8  has committed additional breaches of its obligations under the workers' compensation policies. The

9  nature of those breaches is presently unknown to Plaintiff, but Plaintiff believes it will discover the

10 nature of those breaches during the course of this litigation, and upon examination of the claim files.

11 Thus, Plaintiff may request leave of court to amend this complaint to specifically allege any

12 additional breaches about which Plaintiff may learn through discovery in this litigation.

13     34.    Plaintiff performed all of its obligations under the Policies, except for those

14 obligations that were excused because of Defendant's breach of its duties and misconduct, or as

15 excused by law.

16     35.    As a proximate result of Defendant's breaches of its duties and obligations under the

17 workers' compensation policies, Plaintiff has suffered and will continue to suffer general and special

18 damages as described above. The amount of the damages that Plaintiff has suffered due to

19 Defendant's breaches of its contractual obligations is in excess of the minimal jurisdictional

20 requirements of this Court and will be established at trial.

21               **SECOND CAUSE OF ACTION**

22 **(Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing – By Plaintiff**

23 **Against Defendant and Does 1 through 50, inclusive)**

24     36.    Plaintiff incorporates by this reference each and every allegation contained in

25 paragraphs 1 through 35 of this Complaint, as though fully set forth herein.

26     37.    The covenant of good faith and fair dealing is implied by law in every contract to

27 protect each party's right to receive the benefits of the contract. Here, the covenant of good faith and

28 fair dealing is implied by law, and is especially true in the workers' compensation insurance setting,

1  to protect, among other things, Plaintiff's rights to a reasonable and adequate defense of workers'
2  compensation claims made against it, and Plaintiff's rights to proper and timely handling of
3  workers' compensation claims made against it.

4       38.    Defendant's conduct, as alleged above and herein, has denied Plaintiff the benefits of
5  the workers' compensation Policies. Thus, Defendant has breached the implied covenant of good
6  faith and fair dealing, in that: (a) Defendant has failed to provide Plaintiff with a reasonable and
7  adequate defense of workers' compensation claims; (b) Defendant has failed to provide Plaintiff
8  with knowledgeable adjusters (c) Defendant has failed to audit and oversee their employees and
9  agents' management and handling of workers' compensation claims against Plaintiff; (d) Defendant
10 has failed to properly investigate and settle workers' compensation claims against Plaintiff, (e)
11 Defendant has failed to reasonably defend Plaintiff against those workers' compensation claims
12 made against Plaintiff that were covered under the Policies; (f) Defendant has failed to timely and
13 efficiently resolve claims; (g) Defendant has failed to provide quick and efficient resolution
14 strategies; (h) Defendant has raised reserves in amounts unreasonable in proportion to the expected
15 losses; (i) Defendant has failed to provide meaningful claims reviews to Plaintiff; (j) Defendant has
16 failed to reasonably respond in a timely manner to claimants, or make its staff available to claimants
17 at reasonable hours across all time zones, and (k) Defendant made untrue and misleading
18 representations and concealed material information from Plaintiff.

19      39.    Plaintiff is informed and believes, and based on such information and belief alleges,
20 that as a proximate result of Defendant's breaches of the covenants of good faith and fair dealing,
21 Defendant both profited from its claims handling fees and other fees and expenses that it charged the
22 Plaintiff, was able to keep its excessive workers' compensation premiums,  all while failing to
23 provide Plaintiff  with experienced and knowledgeable workers' compensation adjusters and
24 supervisors familiar with California workers' compensation statutes, regulations and laws.
25 Notwithstanding the devastating impact that Defendant's breaches of the implied covenant good
26 faith and fair dealing had on Plaintiff economically, none of these breaches prevented Defendant
27 from collecting excessive and unnecessary fees, costs, expenses and premiums.

28      40.    Plaintiff is informed and believes, and based on such information and belief alleges,

1  that there have been other acts and omissions by Defendant that violated the implied covenant of

2  good faith and fair dealing implied into the workers' compensation policies, and that, though those

3  other acts and omissions are currently unknown to Plaintiff, they may be discovered during the

4  course of discovery in this litigation.

5      41.    As a proximate result of Defendant's conduct, as alleged herein, Plaintiff has

6  suffered both general and specific damages, as described herein.

7      42.    Plaintiff is entitled to collect all costs and expenses, including attorneys' fees, it

8  incurred in seeking to obtain the benefits owed to it under the workers' compensation policies.

9      43.    Plaintiff also alleges that Defendant's conduct, as alleged herein, was undertaken in

10  bad faith, was malicious, fraudulent, and oppressive, evidences a complete disregard for Plaintiff's

11  interests, and was intended to and had the effect of injuring, harassing, vexing, and annoying

12  Plaintiff.  Plaintiff makes these allegations based on the statements alleged hereinabove, including,

13  but not limited to, Defendant's willful misrepresentations, as to its ability to handle Plaintiff's

14  workers' compensation claims, imposing and charging excessive fees, manipulating the terms of the

15  policies so that it could collect more in claims handling fees than would otherwise be reasonable due

16  to its overpayment on claims by using Plaintiff's money, charging Plaintiff more than it had agreed

17  to charge, misrepresenting the ability of its adjusters to administer Plaintiff's enormous California

18  Workers Compensation Program, and ultimately, refusing to answer questions at the last claims

19  review, in an attempt to cover up its claims handling errors, mistakes and overpayments. Thus,

20  Defendant's conduct constituted "despicable conduct," as that term is defined in Civil Code section

21  3294 and under established common law, thereby entitling Plaintiff to recover punitive damages in

22  an amount appropriate to punish, or to set an example of Defendant.  Plaintiff is informed and

23  believes, and based on such information and belief alleges, that, at all relevant times: (a) Defendant

24  acted through its officers, directors, and employees such as Mr. Shapiro; (b) Defendant's officers,

25  directors, and employees had advance knowledge of the damage that would be caused to Plaintiff by

26  their actions; and (c) Defendant approved, ordered, instructed, supervised, and controlled the

27  conduct of its officers, directors, and employees in such a fashion as to constitute a ratification of

28  their conduct.  Thus, under the doctrine of respondeat superior, Defendant is liable for punitive

1    damages, as prayed for herein.

2        44.    The amount of the damages that Plaintiff has suffered due to Defendant's breach of

3    the covenant of good faith and fair dealing is in excess of the minimal jurisdictional requirements of

4    this Court and will be established at trial.

5

6        WHEREFORE, Plaintiffs pray for judgment as follows:

7                       **ON THE FIRST CAUSE OF ACTION**

8        1.     For general and special damages against Defendant and Does 1 through 50,

9    inclusive, in a sum to be proven at trial, with pre-judgment and post-judgment interest thereon at

10   the maximum rate permitted by law;

11                     **ON THE SECOND CAUSE OF ACTION**

12       2.     For general and special damages against Defendant and Does 1 through 50,

13   inclusive, in a sum to be proven at trial, with pre-judgment and post-judgment interest thereon at

14   the maximum rate permitted by law;

15       3.     For punitive and exemplary damages, in amounts appropriate to punish, and to set

16   an example, of Defendant and Does 1 through 50, inclusive;

17       4.     For recovery of all attorneys' and consultants' fees, costs, and expenses;

18                      **ON ALL CAUSES OF ACTION**

19       5.     For costs of suit; and

20       6.     For such other and further relief as the court may deem proper.

21

22   Dated: June 28, 2019               ROXBOROUGH, POMERANCE, NYE & ADREANI LLP

23

24                                      By: _____
                                            NICHOLAS P. ROXBOROUGH
25                                          JOSEPH C. GJONOLA
                                            DARON BARSAMIAN
26                                          Attorneys for Plaintiff

27   ///

28   ///

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial.

Dated:  June 28, 2019                    ROXBOROUGH, POMERANCE, NYE & ADREANI LLP

By:_____
    NICHOLAS P. ROXBOROUGH
    JOSEPH C. GJONOLA
    DARON BARSAMIAN
    Attorneys for Plaintiff

Electronically FILED by Superior Court of California, County of Los Angeles on 06/28/2019 09:59 AM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Baeri,Deputy Clerk

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>━Nicholas P. Roxborough. SBN 113540<br>ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP<br>5820 Canoga Avenue, Suite 250<br>Woodland Hills, CA 91367<br>  TELEPHONE NO.: (818) 992-9999   FAX NO.: (818) 992-9991<br>ATTORNEY FOR *(Name):* Plaintiff | FOR COURT USE ONLY |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES |
|   STREET ADDRESS: 111 North Hill Street |
|   MAILING ADDRESS: |
|   CITY AND ZIP CODE: Los Angeles, CA 90012           . |
|   BRANCH NAME: |

| |
|---|
| CASE NAME:<br>PERSONNEL STAFFING GROUP v. PROTECTIVE INSURANCE CO |

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [✓] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
  b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
     issues that will be time-consuming to resolve           in other counties, states, or countries, or in a federal court
  c. [ ] Substantial amount of documentary evidence         f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify):*  Two (2).
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 28, 2019
NICHOLAS P. ROXBOROUGH
_____              ▶ _____
          (TYPE OR PRINT NAME)                       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

Exhibit 1 - Page 15

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

*Exhibit 1 - Page 16*

| SHORT TITLE: PERSONNEL STAFFING GROUP v. PROTECTIVE INSURANCE CO | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

*Exhibit 1 - Page 17*

| SHORT TITLE: PERSONNEL STAFFING GROUP v. PROTECTIVE INSURANCE CO | CASE NUMBER | |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☑ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1,② 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 2 of 4

Exhibit 1 - Page 18

| SHORT TITLE: PERSONNEL STAFFING GROUP v. PROTECTIVE INSURANCE CO | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment With Damages<br>☐ A6123  Workplace Harassment With Damages<br>☐ A6124  Elder/Dependent Adult Abuse Case With Damages<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name/Change of Gender<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

| SHORT TITLE: PERSONNEL STAFFING GROUP v. PROTECTIVE INSURANCE CO | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐ 1. ☒ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐  9. ☐ 10. ☐ 11. | ADDRESS:<br><br>818 West 7th Street |
|---|---|

| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90017 | |
|---|---|---|---|

**Step 5: Certification of Assignment**: I certify that this case is properly filed in the CENTRAL _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: June 28, 2019

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4
Exhibit 1 - Page 20

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**06/28/2019**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Marita P. Barel _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>19STCV22784 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Susan Bryant-Deason | 52 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 07/01/2019
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By Marita P. Barel _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

*Exhibit 1 - Page 21*

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

*Exhibit 1 - Page 23*

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:         FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:     :

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i.    File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii.    Include a brief summary of the dispute and specify the relief requested; and

        iii.    Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i.   · Also be filed on the approved form (copy attached);

        ii.    Include a brief summary of why the requested relief should be denied;

Exhibit 1 - Page 24

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____ )

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

Exhibit 1 - Page 26

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):  E-MAIL ADDRESS (Optional):  ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| | CASE NUMBER: |
|---|---|
| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | |

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

*Exhibit 1 - Page 27*

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
        (INSERT DATE)                           (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____        ➢ _____
      (TYPE OR PRINT NAME)                          (ATTORNEY FOR PLAINTIFF)

Date:

_____        ➢ _____
      (TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____        ➢ _____
      (TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____        ➢ _____
      (TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____        ➢ _____
      (TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

Date:

_____        ➢ _____
      (TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

Date:

_____        ➢ _____
      (TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

*Exhibit 1 - Page 28*

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:            FAX NO (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT.

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐  **Request for Informal Discovery Conference**
   ☐  **Answer to Request for Informal Discovery Conference**

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request)

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

*Exhibit 1 - Page 29*

<table>
<tr><td>NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY</td><td>STATE BAR NUMBER</td><td>Reserved for Clerk's File Stamp</td></tr>
<tr><td>TELEPHONE NO:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name):<br>FAX NO (Optional):</td><td></td><td></td></tr>
</table>

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

---

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

---

*Exhibit 1 - Page 30*

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER



## Superior Court of California, County of Los Angeles

---

### ALTERNATIVE DISPUTE RESOLUTION (ADR)
### INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS must serve this ADR Information Package on any new parties named to the action with the cross-complaint.**

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration and settlement conferences. When ADR is done by phone or computer, it may be called Online Dispute Resolution (ODR). These "alternatives" to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees and witness fees.
- **Keeps Control with the parties:** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces stress/protects privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral "mediator" listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.
   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 NEW 03/19
For Mandatory Use
California Rules of Court, rule 3.221

LASC1

*Exhibit 1 - Page 32*

**How to arrange mediation in Los Angeles County**
Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

**a. The Civil Mediation Vendor Resource List**
Parties may contact these organizations to request a "Resource List Mediation" for reduced-cost or free (for selected cases) mediation in person or with ODR (by phone or online).

- JAMS, Inc.: Case Manager, (213) 253-9776 jmdawson@jamsadr.com
- Mediation Center of Los Angeles: Case Manager: (833) 476-9145 info@mediationLA.org

These organizations cannot accept every case and they may decline cases at their discretion.
Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
NOTE: This service is not available for family law, probate or small claims.

**b. Los Angeles County Dispute Resolution Programs**
https://wdacs.lacounty.gov/programs/drp/
- Free day-of-trial mediations at the courthouse for small claims, unlawful detainers (evictions) and at the Stanley Mosk Courthouse, limited civil. No appointment needed.
- Free or low-cost mediations before the day of trial for these and other case types.
- For ODR by phone or computer for small claims or unlawful detainer (eviction) cases before the day of trial, visit
  http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

**c. Mediators and ADR and Bar organizations that provide mediation may be found on the Internet.**

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit: www.lacourt.org/division/civil/settlement

Los Angeles Superior Court ADR website: www.lacourt.org/division/civil/settlement
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 NEW 03/19
For Mandatory Use
California Rules of Court, rule 3.221

LASC2

*Exhibit 1 - Page 33*

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )   FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING   )
FOR CIVIL   )
   )
   )
_____)

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i)   Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii)  Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v)  Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

1   5)  ELECTRONIC FILING SYSTEM WORKING PROCEDURES

2       Electronic filing service providers must obtain and manage registration information for persons

3       and entities electronically filing with the court.

4   6)  TECHNICAL REQUIREMENTS

5       a)  Electronic documents must be electronically filed in PDF, text searchable format **when**

6           technologically feasible without impairment of the document's image.

7       b)  The table of contents for any filing must be bookmarked.

8       c)  Electronic documents, including but not limited to, declarations, proofs of service, and

9           exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule

10          3.1110(f)(4).  Electronic bookmarks must include links to the first page of each bookmarked

11          item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the

12          bookedmarked item and briefly describe the item.

13      d)  Attachments to primary documents must be bookmarked.  Examples include, but are not

14          limited to, the following:

15              i)    Depositions;

16              ii)   Declarations;

17              iii)  Exhibits (including exhibits to declarations);

18              iv)   Transcripts (including excerpts within transcripts);

19              v)    Points and Authorities;

20              vi)   Citations; and

21              vii)  Supporting Briefs.

22      e)  Use of hyperlinks within documents (including attachments and exhibits) is strongly

23          encouraged.

24      f)  Accompanying Documents

25          Each document acompanying a single pleading must be electronically filed as a **separate**

26          digital PDF document.

27      g)  Multiple Documents

28          Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

Exhibit 1 - Page 38

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

1  11) SIGNATURES ON ELECTRONIC FILING

2       For purposes of this General Order, all electronic filings must be in compliance with California

3       Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4       Division of the Los Angeles County Superior Court.

5

6       This First Amended General Order supersedes any previous order related to electronic filing,

7   and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8   Supervising Judge and/or Presiding Judge.

9

10  DATED: May 3, 2019

11                                                      KEVIN C. BRAZILE

12                                                      Presiding Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Electronically FILED by Superior Court of California, County of Los Angeles on 07/09/2019 02:44 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Bolden,Deputy Clerk

Case 2:19-cv-06728-ODW-JEM   Document 1-1   Filed 08/02/19   Page 42 of 47   Page ID #:48

Nicholas P. Roxborough, Esq. (SBN 113540)
Joseph C. Gjonola, Esq. (SBN 241955)
Daron Barsamian, Esq. (SBN 231016)
ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP
5820 Canoga Avenue, Suite 250
Woodland Hills, California 91367
Tel: (818) 992-9999
Fax: (818) 992-9991

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES, CENTRAL DIVISION

| | |
|---|---|
| PERSONNEL STAFFING GROUP, LLC, DBA MVP STAFFING, a Florida limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>PROTECTIVE INSURANCE COMPANY, an Indiana Corporation, and DOES 1 through 50,<br><br>Defendant. | Case No. 19STCV22784<br><br>**NOTICE OF STATUS CONFERENCE AND ORDER**<br><br>DATE: September 26, 2019<br>TIME: 8:30 a.m.<br>DEPT: 52 |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that a Status Conference has been set for the above-referenced

matter on September 26, 2019 at 8:30 a.m. in Department 52 of the above-entitled court.  A copy of

the Court's Notice of Status Conference and Order is attached hereto marked Exhibit "A."

Dated:  July 9, 2019                                   ROXBOROUGH, POMERANCE, NYE & ADREANI, LLP

By: _____

NICHOLAS P. ROXBOROUGH
JOSEPH C. GJONOLA
DARON BARSAMIAN
Attorneys for Plaintiff

# EXHIBIT "A"

*Exhibit 1 - Page 42*

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| **COURTHOUSE ADDRESS:**<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>07/02/2019 |
| **PLAINTIFF:**<br>PERSONNEL STAFFING GROUP, LLC | Sherri R. Carter, Executive Officer / Clerk of Court<br>By: Mark Isunza   Deputy |
| **DEFENDANT:**<br>PROTECTIVE INSURANCE COMPANY, an Indiana Corporation, | |
| **NOTICE OF STATUS CONFERENCE AND ORDER** | **CASE NUMBER**<br>19STCV22784 |

To plaintiff/petitioner and self-represented parties: Notice is hereby given that the Status Conference in the above-entitled action will be held on

Re:
> Date: 09/26/2019     Time: 8:30 AM     Div./Dept.: Department 52

- ☐ Post Arbitration   ☐ Post Mediation   ☐ Status of Uninsured Motorist Claim

- ☐ Status of Bankruptcy ☐ as to all defendants ☐ as to _____

- ☐ Status of Binding Arbitration   ☐ Status of Reclassified Case

- ☑ (Other) and proof of service as to all parties. _____

At the Status Conference the Court will determine the present status of the case, how to achieve compliance with time standards, whether any party has not been diligent in pursuing the case, and will make appropriate orders intended to move this matter forward to final disposition.

☑ Plaintiff/Petitioner and self-represented parties must appear at the Status Conference unless within __5__ days before the status conference, the following has occurred:

- ☐ Arbitration Award has been filed.   ☐ A Request for Trial De Novo has been filed.

- ☐ Judgment has been entered.   ☐ Statement of Agreement has been filed.

- ☑ A Request for Dismissal of the entire action has been filed.

- ☐ Other _____.

---

## ORDER

☑ Plaintiff/Petitioner is ordered to give notice of said hearing forthwith to any party served with summons and complaint before the status conference hearing and file a Proof of Service in this department within __5__ days before the hearing.

Failure to comply or appear may result in an Order to Show Cause re the imposition of sanctions.

**Susan Bryant-Deason**

Dated: 07/02/2019

Susan Bryant-Deason / Judge
Judicial Officer

LACIV 167 (Rev. 01/07)
LASC Approved 06-04

**NOTICE OF STATUS CONFERENCE
AND ORDER**

LASC Local Rules, Chapter 7 Cal.
Rules of Court, rule 2.2 et seq.

*Exhibit 1 - Page 43*

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

**FILED**
Superior Court of California
County of Los Angeles

07/02/2019

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ Mark Isunza _____ Deputy

PLAINTIFF/PETITIONER:
PERSONNEL STAFFING GROUP, LLC

DEFENDANT/RESPONDENT:
PROTECTIVE INSURANCE COMPANY, an Indiana Corporation,

**CERTIFICATE OF MAILING**

CASE NUMBER:
19STCV22784

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Status Conference and Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Nicholas P. Roxborough
Roxborough, Pomerance, NYE & Adreani LLP
5820 Canoga Avenue Suite 250
Woodland Hills, CA 91367

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 07/2/2019

By: __Mark Isunza_____
      Deputy Clerk

*Exhibit 1 - Page 44*



SHERRI R. CARTER
EXECUTIVE OFFICER / CLERK

*Superior Court of California*
*County of Los Angeles*

IN COMPLIANCE WITH THE 1ST AMENDED GENERAL ORDER,
THIS COURT REQUESTS PAPER COPIES OF ALL MOVING PAPERS
RE: SUMS/COMP, MOTIONS AND MOTION-RELATED
DOCUMENTS (e.g. OPPOSITIONS, REPLIES, AND DECLARATIONS)
AND PROOF OF SERVICE.  2-HOLE PUNCH ALL DOCUMENTS
AND TAB ALL EXHIBITS PURSUANT TO CRC 3.1110.

*****PLEASE SERVE A COPY OF THIS NOTICE TO ALL PARTIES*****

*Exhibit 1 - Page 45*

**PROOF OF SERVICE**

1

2  STATE OF CALIFORNIA        )
                             ) ss.
3  COUNTY OF LOS ANGELES      )

4
        I am employed in the county of Los Angeles, State of California.  I am over the age of 18
5  and not a party to the within action.  My business address is 5820 Canoga Avenue, Suite 250,
   Woodland Hills, California 91367.

6
        On July 9, 2019, I served the foregoing document described as **NOTICE OF STATUS**
7  **CONFERENCE AND ORDER** on the interested party(ies) in this action by placing true copies
   thereof enclosed in sealed envelopes and/or packages addressed as follows:

8
9              PROTECTIVE INSURANCE COMPANY, an Indiana Corporation
                   CT Corporation System, Registered Agent
10                       818 West 7th Street
                       Los Angeles, CA 90017-3407

11

12  ☒   **BY U.S. MAIL:** I am "readily familiar" with the firm's practice of collection and
         processing correspondence for mailing.  Under that practice, it would be deposited with the
13       U.S. Postal Service on that same day with postage thereon fully prepaid at Woodland Hills,
         California, in the ordinary course of business.  I am aware that on motion of the party
14       served, service is presumed invalid if postal cancellation date or postage meter date is more
         than one day after date of deposit for mailing in affidavit.

15

16  ☒   **STATE**: I declare under penalty of perjury and under the laws of the State of California
         that the foregoing is true and correct.

17
        Executed on July 9, 2019 at Woodland Hills, California.

18

19

20                                          Enarlyn Brenninkmeijer

21

22

23

24

25

26

27

28

2
NOTICE OF STATUS CONFERENCE AND ORDER

*Exhibit 1 - Page 46*