JS-6
O

# United States District Court
# Central District of California

| | |
|---|---|
| PERSONNEL STAFFING GROUP, LLC,<br><br>                    Plaintiff,<br><br>        v.<br><br>PROTECTIVE INSURANCE<br>COMPANY,<br><br>                    Defendant. | Case № 2:19-cv-06728-ODW (JEMx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [13]** |

## I.    INTRODUCTION

Plaintiff Personnel Staffing Group, LLC ("PSG") originally brought this contract dispute action against Defendant Protective Insurance Company ("Protective") in Los Angeles Superior Court.  (Compl., ECF No. 1-1.)  Protective removed the action and now moves to dismiss PSG's complaint.  (Notice of Removal ("Removal"), ECF No. 1; Mot. to Dismiss ("Mot."), ECF No. 13.)  For the reasons discussed below, the Court **GRANTS** Protective's Motion to Dismiss.[1]

## II.    FACTUAL AND PROCEDURAL BACKGROUND

PSG is a Florida limited liability company headquartered in Illinois that provides staffing and payroll services.  (Compl. ¶¶ 1–2.)  PSG operates in over forty

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

different states, yet over half of its workforce lives and works in California. (Compl. ¶¶ 2, 5.) Protective is a workers' compensation insurance provider that is incorporated and headquartered in Indiana. (Compl. ¶¶ 3, 5.) PSG and Protective entered into a contract in which Protective agreed to fulfill two pairs of annual workers' compensation insurance policies. (Compl. ¶ 10.) In connection with the policies, PSG and Protective entered into a Collateral Agreement and an Indemnity Agreement. (*See* Mot. 5.) The Indemnity Agreement contains an Indiana choice-of-law clause which also designates Indiana courts as the exclusive jurisdiction for any dispute. (Mot. 5.) Parties negotiated and entered into all agreements in Indiana and Illinois. (*See* Mot. 5.) PSG alleges that Protective breached by failing to properly administer workers' compensation claims made by its employees. (Compl. ¶ 7.) Notably, the breach occurred in Indiana, and PSG does not allege whether Protective committed the breaches in California. (*See* Compl.; Decl. of Patrick Schmiedt ("Schmiedt Decl."), ECF No. 13-2 (Plaintiff does not dispute Schmiedt's assertions that Protective Adjusters worked predominantly from Indiana without California presence).) Simply, this case is a contractual dispute between two non-Californian businesses.

On June 28, 2019, PSG brought suit against Protective in Los Angeles County Superior Court, thereafter, Protective removed the action to federal court on August 2, 2019. (*See* Removal.) On August 3, 2019, Protective filed a parallel Indiana state-court action against PSG, asserting that PSG, not Protective, breached the annual workers' compensation insurance policies and other related contractual agreements. (Decl. of Eliot R. Hudson ("Hudson Decl.") ¶ 7, Ex. E ("Ind. Compl."), ECF No. 13-1.) On August 9, 2019, Protective moved to dismiss or stay this action in favor of the Indiana action. (*See* Mot.) However, on February 5, 2020, the Indiana state-court dismissed Protective's suit against PSG without prejudice on the grounds of comity. (Req. for Judicial Notice ("RJN"), Ex. 2 ("Ind. Order") 11, ECF No. 40-2.) The court found that both actions were substantially similar and arose out of the same

relationship.  (Ind. Order 11.)  Yet, the Indiana state-court declined to rule on the legal effect of the Indemnity Agreement's forum selection clause.  (Ind. Order 11.)

On March 20, 2020, Parties filed supplemental briefing and asked the Court to take judicial notice of the Indiana action.   (Protective Suppl. Br., ECF No. 39-1; PSG's Suppl. Br., ECF No. 39-2.)  The Court finds that it is now appropriate to rule on Protective's Motion to Dismiss or Stay ("Motion"), premised on the *Colorado River* doctrine and *forum non conveniens*.  (*See generally* Mot.)

## III.   LEGAL STANDARD

### A.   THE *COLORADO RIVER* DOCTRINE

Under the *Colorado River* doctrine, "a federal court may stay an action when there is a first-filed, pending action in a foreign jurisdiction."  *Superior Indus. Int'l, Inc. v. Macchine Utensili Speciali S.p.A.*, No. CV 09-08888 RGK (Ex), 2010 WL 11597860, at *3 (C.D. Cal. Apr. 29, 2010) (citing *Neuchatel Swiss Gen. Ins. Co. v. Lufthansa Airlines*, 925 F.2d 1193, 1195 (9th Cir. 1991)).   In the Ninth Circuit, "district courts must stay, rather than dismiss, an action . . . under *Colorado River.*" *Coopers & Lybrand v. Sun-Diamond Growers of CA*, 912 F.2d 1135, 1138 (9th Cir. 1990); *see also Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996) ("[W]hile we have held that federal courts may stay actions for damages based on abstention principles, we have not held that those principles support the outright dismissal or remand of damages actions.")

The *Colorado River* doctrine is applicable only in "exceptional circumstances" and is a "narrow exception to 'the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.'"  *Holder v. Holder*, 305 F.3d 854, 867 (9th Cir. 2002) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)); *see also Smith v. Cent. Ariz. Water Conservation Dist.*, 418 F.3d 1028, 1033 (9th Cir. 2005) (noting that the circumstances where this doctrine can be properly applied are "exceedingly rare").

**B.**   ***FORUM NON CONVENIENS***

"The doctrine of *forum non conveniens* is a drastic exercise of the court's 'inherent power' because, unlike a mere transfer of venue, it results in the dismissal of a plaintiff's case." *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1224 (9th Cir. 2011) (quoting *Dole Food Co. v. Watts*, 303 F.3d 1104, 1118 (9th Cir. 2002)). *Forum non conveniens* is "an exceptional tool to be employed sparingly," and not a "doctrine that compels plaintiffs to choose the optimal forum for their claim." *Dole Food*, 303 F.3d at 1118.   Ordinarily, there is a "strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum." *Carijano*, 643 F.3d at 1227; *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56 (1981).

## IV.   DISCUSSION

**A.   REQUEST FOR JUDICIAL NOTICE**

By joint stipulation, Parties request that this Court take judicial notice of several court documents.  (*See* RJN 1–2.)  However, the Court grants judicial notice only as to the Indiana state-court's order that bears on this matter.  (Ind. Order.)

Courts may take judicial notice of documents "without converting a motion to dismiss into a motion for summary judgment."  *Id.* at 999.  Federal Rule of Evidence 201 provides: "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Courts routinely take judicial notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc*., 971 F.2d 244, 248 (9th Cir. 1992).  However, when taking judicial notice of another court's record, a court may do so only for the existence of the document and not for the truth of the

facts therein.  *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001); *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983).

Accordingly, the Court takes judicial notice of the Indiana state-court's decision granting dismissal of Protective's complaint on the grounds of comity and recognizes the state-court's deferment concerning the question of venue.  (*See* RJN 1–2; Ind. Order 10–11.)

**B.    THE *COLORADO RIVER* DOCTRINE**

Foremost, Protective moves to dismiss or stay pursuant to the *Colorado River* doctrine in favor of the parallel Indiana state-court action.   (Mot. 14, 17–19.) However, here the Court has taken judicial notice of the Indiana state-court's decision dismissing that action.  (Ind. Order.)  Therefore, Protective's motion to dismiss or stay this case on the basis of the *Colorado River* doctrine is moot.  *See generally Superior Indus. Int'l, Inc.*, 2010 WL 11597860, at *3 (C.D. Cal. Apr. 29, 2010) (stating that the *Colorado River* doctrine applies only when there is a pending action in a non-federal jurisdiction).  Accordingly, Protective's request to dismiss or stay the case premised on the *Colorado River* doctrine is **DENIED**.

**C.    *FORUM NON CONVENIENS***

Protective also moves to dismiss on the basis of *forum non conveniens*. (Mot. 19–25.)  PSG opposes and asserts that *forum non conveniens* applies only in cases where the alternative forum is abroad, not where an alternative inter-state forum is available.  (Opp'n to Mot. ("Opp'n") 5, ECF No. 18.)  Protective argues not so. Instead, *forum non coveniens* is properly applied when channeling litigation to any non-federal forum, which includes state-court forums.  (Reply to Opp'n ("Reply") 4– 5, ECF No. 22.)  The Court now considers both Parties' initial arguments.

"The common-law doctrine of *forum non conveniens* has continuing application in federal courts only in cases where the alternative forum is abroad, and perhaps in rare instances where a state or territorial court serves litigational convenience best." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007)

(internal quotation marks omitted).   Accordingly, motions to dismiss premised on *forum non conveniens* are permissible so that litigation may proceed in a state-court— as opposed to a federal court.   *See, e.g., Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 60–61 (2013) ("For . . . cases calling for a nonfederal forum, § 1404(a) has no application, but the residual doctrine of *forum non conveniens* has continuing application in federal courts.") (internal quotation marks omitted).   For instance, the Ninth Circuit has held that a *forum non coveniens* motion is appropriate when the alternative forum is a state-court.   *See Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1143 n.5 (9th Cir. 2004); *Mehta v. Power-One, Inc.*, No. CV 13-4631-GW (CWx), 2014 WL 12603185, at *3 (C.D. Cal. June 2, 2014) (applying *forum non conveniens* analysis to determine whether litigation was more favorable in Delaware state-court).   Also, the doctrine of *forum non conveniens* is the appropriate procedural mechanism to dismiss an action when parties have entered into a contractual agreement that designates a state-court forum.   *Atl. Marine*, 571 U.S. at 60; *Murphy*, 362 F.3d at 1144 fn. 5.

As much as PSG may hope that Protective's *forum non conveniens* argument is "dead on arrival," it is not.   (Opp'n 1–2.)   Rather, channeling litigation from a federal forum to a non-federal forum is properly enforced through the doctrine of *forum non conveniens*.   *See Atl. Marine*, 571 U.S. at 61; *Murphy*, 362 F.3d at 1143 n.5. Accordingly, the issue is whether Protective has met its burden to prevail on a motion to dismiss premised upon *forum non conveniens.*

To prevail on a motion to dismiss based upon *forum non conveniens*, the defendant bears the burden of showing: (1) an adequate alternative forum exists, and (2) the balance of private and public interest factors favors dismissal.   *See Dole Food*, 303 F.3d at 1118.   "When a domestic plaintiff initiates litigation in its home forum, it is presumptively convenient."   *Carijano*, 643 F.3d at 1227.   But, when plaintiff's choice is not its home forum, then the presumption in the plaintiff's favor applies with

less force, thus, the assumption that the chosen forum is appropriate is "less reasonable." *Sinochem Int'l Co.*, 549 U.S. at 430.

Protective argues that the Indemnity Agreement's forum selection clause directs the Parties to litigate a portion of this action in Indiana state-court, and thus, rather than litigate piecemeal, the entire action should be dismissed in favor of that forum. (Reply to Opp'n ("Reply") 5–6.)  Alternatively, even in the absence of a forum selection clause, Protective argues the Court should dismiss the action because Indiana state-court is an adequate alternative forum and both public and private interest factors weigh in favor of litigating in Indiana.  (Mot. 19–25; Reply 5–10.)  PSG opposes by arguing that the forum selection clause is not relevant to the *forum non conveniens* analysis.  (Opp'n 4 n.5.)  For reasons to follow, Protective has met its burden of showing that dismissal is warranted on the grounds of *forum non conveniens*.

### 1. Adequate Alternative Forum

An alternative forum is adequate if: "(1) the defendant is amenable to process there; and (2) the other jurisdiction offers a satisfactory remedy." *Carijano*, 643 F.3d at 1225.  The remedy available in the alternative forum need not be equivalent to that in the original forum; however, it must not be "so clearly inadequate or unsatisfactory that it is no remedy at all." *Piper*, 454 U.S. at 254.

As Protective is incorporated and headquartered in Indiana, Protective has established that it is "amenable to process" in Indiana. (Schmiedt Decl. ¶ 3.)  Further, Protective has indicated a willingness to consent to the jurisdiction of Indiana state-courts as to PSG's claims, and the Court has the power to condition any dismissal for *forum non conveniens* on such consent by the defendant. *See Contact Lumber Co. v. P.T. Moges Shipping Co.*, 918 F.2d 1446, 1450 (9th Cir. 1990) (citing *Piper Aircraft*, 454 U.S. at 254 n.22).  Finally, the remedies PSG seeks from this Court for breach of contract and tortious breach are not fundamentally different from those an Indiana state-court could order. *In re: CytRx Corp. Stockholder Derivative Litig.*, No. CV 14-6414-GHK (PJWx), 2015 WL 9871275, at *7 (C.D. Cal. Oct. 30, 2015) (finding a

state-court an adequate alternative forum because plaintiffs did not bring any causes of action that could not be litigated there); *see also Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1143 (9th Cir. 2001) (internal quotation marks omitted) ("[I]t is only in rare circumstances where the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory . . . that this requirement is not met."). Thus, Indiana state-court is an adequate alternative forum.

### 2. *Private Interest Factors*

The balance of private and public factors must also favor dismissal. Private interest factors include:

> (1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Bos. Telecomms. Grp. v. Wood*, 588 F.3d 1201, 1206–07 (9th Cir. 2009) (quoting *Lueck*, 236 F.3d at 1145).

**First**, the ordinary strong presumption in favor of plaintiff's choice of forum applies with less force here because PSG is a non-domestic company; in such cases the assumption that the chosen forum is appropriate is "less reasonable." *Sinochem Int'l Co.*, 549 U.S. at 430 (the presumption "applies with less force" when the plaintiff's choice is not its home forum). Here, neither Parties calls California home as PSG is incorporated in Florida and headquartered in Illinois, and Protective is headquartered and incorporated in Indiana. **Second**, amid the COVID-19 pandemic, traveling to California is inconvenient for Protective and PSG, whereas traveling to Indiana forum is much less inconvenient. For instance, PSG's Illinois headquarters is three hours from Protective's headquarters in Indiana, and both Parties are familiar with and have done significant business in Indiana. (Mot. 1.) Thus, this factor favors Indiana. *See Mentawai v. Marcotti*, No. CV 15-02156-RGK (DFMx), 2016 WL

7496750, at *4 (C.D. Cal. Mar. 28, 2016) (finding factor favored dismissal because parties were familiar with and frequently did business in the alternative forum).

**Third**, as this action involves a contractual dispute, most if not all physical evidence in this case will presumably be documents, and "[g]iven the ease of electronic transmission of documents, this factor should be given minimal weight." *Mayberry v. Int'l Bus. Machs. Corp.*, No. CV 09-1369 CW, 2009 WL 1814436, at *5 (N.D. Cal. June 25, 2009). **Fourth**, Protective points out potential witnesses unwilling to testify, which include PSG's Illinois-based insurance broker and PSG's counsel that instructed Protective adjusters on claim handling. Additionally, most of the witnesses relevant to this action are located in Indiana and Illinois and appear to be citizens of those states. (Schmiedt Decl. ¶¶ 22–29.) Accordingly, they are outside of this Court's subpoena power and thus this factor favors Indiana. *Huthart v. News Corp.*, No. CV 13-04253-MWF (AJWx), 2014 WL 12577175, at *10 (C.D. Cal. May 21, 2014) (finding factor weighed in favor of alternative forum because most of the witnesses relevant to the action were located outside of the court's subpoena power).

**Fifth**, regarding the cost of bringing witnesses to trial, this factor weighs in favor of Indiana, where the majority of the witnesses and virtually all of the important witnesses in this action are located in either Indiana or Illinois. *Id.* **Sixth**, neither side has raised an argument that a judgment in this forum would be more or less enforceable than one in Indiana, and therefore, this factor weighs neutral. *Id.* at *11. **Seventh**, Protective offers the Indemnity Agreement's forum selection and choice of law clauses as a practical consideration, arguing they indicate the Parties' intent to submit to the courts of Indiana. (Reply 5.) The Parties dispute whether the forum selection clause in the Indemnity Agreement is permissive or mandatory, and whether the Indemnity Agreement is illegal.[2] (Opp'n 23–25.) Regardless, PSG's challenges to the Indemnity Agreement do not bear on the Parties' intent to enter into the

---

[2] Parties are currently litigating the legality of Indemnity Agreement before the California Department of Insurance. (Opp'n 24.)

agreement, and therefore the Indemnity Agreement reflects an intent by both Parties to be bound and submit to the laws and courts of Indiana.   Thus, this factor weighs in favor of Indiana.

### 3.  Public Interest Factors

Public interest factors include: "(1) the local interest in the lawsuit, (2) the court's familiarity with the governing law, (3) the burden on local courts and juries, (4) congestion in the court, and (5) the costs of resolving a dispute unrelated to a particular forum."   *Bos. Telecomms.*, 588 F.3d at 1211 (quoting *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1181 (9th Cir. 2006)).

**First**, the local interest factor examines whether "the forum in which the lawsuit was filed has its own identifiable interest in the litigation which can justify proceeding."   *Carijano*, 643 F.3d at 1232.   Protective argues that "Indiana has a far stronger interest in this dispute than California in assessing the extent to which Indiana contracts, performed in Indiana by an Indiana corporation, were breached." (Mot. 24.)   PSG provides no opposing argument, hedging its bets entirely on the erroneous notion that *forum non conveniens* is inapplicable.  (Opp'n 5.)   Accordingly, this factor favors Indiana.   *Herbert v. VWR Int'l, LLC*, 686 F. App'x 520, 522 (9th Cir. 2017) (discussing that forum where injury occurred has a strong interest in deterring and ensuring compensation for injuries that occurred in its territory).

**Second**, the insurance policy agreements, Collateral Agreement, and Indemnity Agreement were all negotiated and entered in Indiana and Illinois.   Also, the Indemnity Agreement contains an Indiana choice of law clause, depicting Parties willingness and intent for Indiana law to apply.   *Glob. Quality Foods, Inc. v. Van Hoekelen Greenhouses, Inc.*, No. CV 16-00920-LB, 2016 WL 4259126, at *9 (N.D. Cal. Aug. 12, 2016) (considering a choice of law provision in its analysis of the "familiarity with governing law" factor).   Moreover, the Court is at loss as to why California law would apply, as the alleged infractions all occurred in Indiana and each agreement was negotiated and entered into outside of California.   Therefore, this

factor favors Indiana.  *Id*. (determining that state courts "are surely better versed in their own law").  **Third**, **Fourth**, and **Fifth**, as discussed above, California's interest in this controversy is limited, and does not justify the burden on local courts and juries, congestion, and related costs.  *See Piper*, 454 U.S. at 261.

>        *4. Weighing the Factors*

Here, the private and public interest factors clearly point towards trial in the Indiana.  *Carijano*, 643 F.3d at 1227.  Accordingly, Protective has met its burden to overcome PSG's choice of forum.   Therefore, the Court **GRANTS** Protective's motion to dismiss pursuant to *forum non conveniens*, without prejudice.

>                **V.   CONCLUSION**

For the reasons discussed above, the Court **GRANTS** Protective's Motion to Dismiss (ECF No. 13).


**IT IS SO ORDERED.**


April 28, 2020

>                _____
>                 **OTIS D. WRIGHT, II**
>                **UNITED STATES DISTRICT JUDGE**